# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP McKINZIE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-416-RAW-KEW |
| DAVID C. MILLER, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, an inmate currently incarcerated at Lawton Community Correctional Center in Lawton, Oklahoma, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his loss of earned credits in a prison disciplinary hearing held at Howard McLeod Correctional Center in Atoka, Oklahoma.

The record shows that on January 25, 2005, petitioner was working at the facility canteen and warehouse, when the supervisor accused him of placing Inmate Olayers' canteen order form (ticket) with the kitchen workers' tickets. Inmate Olayres was not a kitchen worker. The kitchen workers were allowed to pick up their canteen purchases about an hour before the other inmates. The posted canteen rules stated that "anyone turning in someone else's ticket or having someone else turn in your ticket will not draw until the following week." Petitioner alleges his punishment exceeded this posted sanction, and Inmate Olayres' punishment was only an informal reprimand.

The respondent asserts petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court

of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1.

Petitioner's appeal was denied on March 28, 2005, prior to the May 10, 2005, effective date of § 564.1. The respondent argues petitioner, nonetheless, should have filed a petition for judicial review after the statute became effective. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process, but there are conflicting decisions by Oklahoma federal courts regarding the retroactivity of the statute. *See Brown v. Jones*, No. 06-6299, slip op. at 3, 2007 WL 603059 at *2 (10th Cir. Feb. 28, 2007). The court, therefore, finds petitioner's habeas corpus claim should be addressed on the merits.

**ACCORDINGLY,** the respondent is directed to file a supplemental response to the petition within fifteen (15) days, addressing the merits of petitioner's habeas corpus claim. Petitioner is granted fifteen (15) days to reply to the response.

**IT IS SO ORDERED** this 4th day of December 2007.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**