# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP McKINZIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 05-416-RAW-KEW |
| | ) |
| EMMA WATTS, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, is challenging his loss of earned credits in a prison disciplinary proceeding held at Howard McLeod Correctional Center in Atoka, Oklahoma.

On January 25, 2005, petitioner was working at the facility canteen and warehouse, when the supervisor accused him of placing Inmate Olayres' canteen order form (ticket) with the kitchen workers' tickets. The kitchen workers were allowed to pick up their canteen purchases about an hour before the other inmates, but Inmate Olayres was not a kitchen worker. The posted canteen rules stated that "anyone turning in someone else's ticket or having someone else turn in your ticket will not draw until the following week." Petitioner alleges his punishment exceeded this posted sanction, and Inmate Olayres was found not guilty of the offense.

The record shows that petitioner received an Offense Report on February 9, 2005, for the offense of Disobedience to Orders, alleging he had place Inmate Olayres' canteen request

in with those of the kitchen workers.[1] Petitioner had been instructed that only kitchen workers' canteen slips were to be collected. During the investigation petitioner requested two witnesses, and witness statements were gathered and presented to the hearing officer. After completion of the investigation, a disciplinary hearing was held on February 15, 2005, with petitioner present. Petitioner was found guilty of the offense and discipline was imposed, based on the reporting employee's statement and petitioner's admission that he placed Inmate Olayres' ticket with the kitchen workers' tickets. The facility head reviewed and approved the outcome of the disciplinary proceedings. Petitioner appealed the finding of the hearing officer to the warden and DOC Director, and relief was denied on March 31, 2005.

Plaintiff alleges the facility employee who wrote the misconduct did not produce Inmate Olayres' canteen ticket that resulted in the offense. He claims Unit Manager Rick Lowrance stated he saw Inmate Olayres in the canteen line with his canteen ticket. Petitioner maintains that because Olayres clearly had the ticket in his possession, Ms. Hindenburg fabricated her statement about the canteen ticket in the Offense Report. Petitioner does not address the Disciplinary Hearing Report which states he admitted placing the ticket in with the kitchen tickets.

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary

---

[1] Inmate Olayres also was issued an Offense Report.

action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A review of the record indicates the requirements of *Wolff* were met in plaintiff's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this <u>19th</u> day of February 2008.

                                          **KIMBERLY E. WEST**
                                          **UNITED STATES MAGISTRATE JUDGE**